IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALDO E. ESTRELLA, | : | CIVIL ACTION NO. 1:26-CV-61 |
| | : | |
| Petitioner | : | (Judge Neary) |
| | : | |
| v. | : | |
| | : | |
| WARDEN OF FCI-LEWISBURG, | : | |
| | : | |
| Respondent | : | |

### MEMORANDUM

This is a habeas corpus case filed pursuant to 28 U.S.C. § 2241. Petitioner, Ronald E. Estrella, a prisoner confined by the United States Bureau of Prisons ("BOP"), challenges a disciplinary sanction that purportedly resulted in the loss of good conduct time and First Step Act ("FSA") time credits as well as his removal from the Residential Drug Abuse Program ("RDAP"). The petition will be dismissed for Estrella's failure to exhaust administrative remedies.

### I.    Factual Background & Procedural History

Estrella is serving a federal criminal sentence imposed by the United States District Court for the District of Rhode Island. (Doc. 8-3 at 3). He is housed in Lewisburg Federal Correctional Institution ("FCI-Lewisburg"). Estrella filed the instant petition on January 13, 2026. (Doc. 1). He challenges a disciplinary sanction that resulted in the loss of good conduct time and FSA credits and purportedly led to his removal from the RDAP. (Id.) Respondent responded to the petition on February 6, 2026, arguing that it should be dismissed for failure to exhaust administrative remedies, or, alternatively, denied on its merits. (Doc. 6). Estrella

filed a reply brief in support of the petition on March 3, 2026, making the petition ripe for review. (Doc. 7).

## II.  Discussion

Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims. See Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) (citing Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986)); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion allows the agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy." Id. at 761-62. The BOP has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment. See 28 C.F.R. §§ 542.10-.19. That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the regional director, and—ultimately—final appeal to the general counsel. Id. §§ 542.13-.15. No administrative remedy is considered fully exhausted until reviewed by the general counsel. Id. § 542.15(a). When an inmate wishes to appeal a disciplinary hearing officer's appeal, his initial appeal goes directly to the regional director. Id. § 542.14(d)(2).

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude habeas review. Moscato, 98 F.3d at 761. Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is

unnecessary if the issue presented is one that consists purely of statutory construction. Vasquez v. Strada, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion is likewise not required when it would be futile. Rose v. Lundy, 455 U.S. 509, 516 n.7 (1982).

Respondent argues that Estrella's petition should be dismissed for failure to exhaust administrative remedies because he did not file any administrative remedy requests regarding his claim prior to filing this case. (Doc. 6 at 14). Respondent has produced evidence to support this assertion. (Doc. 6-12).

Estrella has not produced any contrary evidence to show that he filed an administrative remedy request related to this case, but he advances the following argument in response to respondent's exhaustion argument:

> If the DHO report was delivered on October 10, 2025, but Petitioner did not receive it timely or was unable to access necessary paperwork, that delay tolls the appeal period. The government bears the burden of proving failure to exhaust, and conclusory reliance on a "Generalized Retrieval Document" does not establish that remedies were meaningfully available.

(Doc. 7 at 2). The court construes this as an argument that his failure to exhaust should be excused because the respondent has not shown that the administrative remedy process was available.

Estrella's argument misunderstands the burden of proof with respect to exhaustion of administrative remedies. Although the respondent has the initial burden to establish failure to exhaust administrative remedies, once the respondent has done so the petitioner generally must demonstrate an exception or excuse that would allow him to proceed without exhausting administrative remedies. See, e.g.,

<u>Moscato</u>, 98 F.3d at 762 (affirming dismissal of petition because petitioner failed to present any evidence to excuse his failure to exhaust administrative remedies); <u>cf.</u>, <u>e.g.</u>, <u>Rinaldi v. United States</u>, 904 F.3d at 268 (concluding in context of exhaustion of administrative remedies for civil rights claim that plaintiff has the burden to show that exhaustion was unavailable once defendant has met the initial burden of showing that plaintiff failed to exhaust).

Here, Estrella has not presented any evidence—or even clearly asserted—that the administrative remedy process was unavailable to him. He simply notes that unavailability *could* be an excuse for his failure to exhaust and states that respondents have not shown that the process was available to him. This vague and unsupported assertion is not sufficient to excuse his failure to exhaust administrative remedies.[1]

## III.   <u>Conclusion</u>

The petition for writ of habeas corpus is dismissed without prejudice for failure to exhaust administrative remedies. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:    March 23, 2026

---

[1] Estrella also asserts that exhaustion is judicially created and not statutorily mandated and that a failure to exhaust may be excused by the court. (Doc. 7 at 1-2). These are accurate statements of the law but are ultimately immaterial. The court does not see any reason to excuse a failure to exhaust administrative remedies in the instant case.